Shearer, J.
The material question presented in the record is whether the act commonly known as the “ one-mile assessment pike law” contravenes section 19 of article 1 of the Constitution, in that it does not provide for making to the owner compensation in money for lands appropriated for the construction of the road.
The act itself does not in terms make such provision; but it is claimed that section 4803 Rev. Stat. is an adoption into the act of the provisions of chapters 2 and 4 of Title Nil Rev. Stat., relating to compensation, damages and appeal; and that by resort to those provisions the constitutional objection urged here is obviated.
We do not think it necessary to consider the entire scheme of road construction embraced in the “one-mile law.” It is sufficient to examine those sections which bear directly upon the question involved.
Nowhere in this act is there used the word “ compensation”; but it is urged that the word “damages” in section 4803 is used comprehensively and includes compensation.
This section provides that all questions of damages shall be settled in the manner pointed out in chapters 2 and 4 above mentioned.
Referring to those chapters, we find in section 4642 a provision for the appointment of viewers to determine compensation to be paid for lands taken, and to assess how much less valuable the premises will be rendered by opening the road. Section 4645 provides for notice of land-owners of the time and place of the meeting of the viewers and of the day by which claims for compensation shall be filed. Section 4646 enacts that such viewers shall assess the compensation and damages sustained by laud-owners, through 'whose lands the road is to be located, etc., who have complied with the Requirements of section 4647, respecting filing their claims, and section 4651 provides for the payment of such damages. We find no express provision for the payment of *169 compensation, although it is required to be determined by the viewers. The money to be paid is called damages.
Chapter 4, which is also adopted into the “ one-mile law,” relates to appeals in road cases.
Section 4688 provides that an appeal to the probate court may be taken by any person having an estate in lands in the township in or through which a new road passes. This appeal is from the final order of the commissioners.
Section 4691 requires that if the proceedings prior to the appeal are regular, etc., and no exception be taken by any claimant for compensation or damages to the assessment approved by the commissioners, the probate court shall affirm the order of the commissioners; otherwise the proceedings shall be set aside and another view ordered by viewers appointed by the court, who shall perform the same duties as the original viewers.
Section 4699 authorizes an appeal to the probate court by a claimant for damages and compensation from the final decision of the commissioners confirming the assessment of compensation and damages made by viewers in his behalf, or the refusal to award damages; and by section 4700 a jury of twelve men is provided for the trial of such claims.
There is great confusion in the road legislation, and nowhere is it more apparent than in the act under consideration.
The multitude of separate acts which stood upon statute books previous to the revision, have been gathered under appropriate titles, but without pains to bring them into harmony, as might have been done, without doing violence to the general scheme of the enactments. The result is doubt, uncertainty and difficulty of construction; but we must endeavor to harmonize these provisions, and, if practicable, uphold them.
Those sections which prescribe the duties of viewers, notice to land-owners and duties of claimants in respect to filing their claims, procedure on appeal, etc., contain both the words *170 compensation and damages. Some sections providing for the payment of claims of applicants refer only to damages (4651); others use the words indifferently; for example, section 4709 : “ But if the damages so assessessed exceed, etc. * * the county commissioners * * may * * order the compensation and damages to be paid,” etc. •
Is it not clear that the word “damages” as used in section 4651 comprehends compensation ? If it does not, then there-is no authority for the payment of compensation where a county road is opened upon order of the commissioners based upon a' report of the viewers.
In Anderson v. McKinney, 24 Ohio St. 467, construing the sixth section of the act of January 27, 1853, now section 4647, Rev. Stat., which .provides that applications for damages are barred unless they be presented as provided in chapter two — the Supreme Court held the bar to apply also to compensation. It seems to have treated the words as convertible terms.
We incline to the opinion that, notwithstanding the omission of any express provision for compensation to land-owners for lands appropriated for the construction of roads, the proper construction is that “ damages,” where used alone in these statutes, includes compensation. Certainly it was not the purpose of the general assembly to provide for the ascertainment of the value of lands taken for public use, for appeals from the assessment of such value, etc., and provide no means for their payment.
There is no great violence to language in treating “ compensation ” and “damages” as synonymous. Compensation is defined, “ What is given to supply a loss.” Damages— “ Money awarded by a court of law on account of loss or injury.”
These definitions are substantially the same, and we hold that the provision of section 4803 applies as well to compensation as to damages in the road laws.
The contention that the one-mile law does not author *171 the construction of a free turnpike over a route other than one that coincides with that of an existing established highway is not well founded. Section 4774 of the Revised Statutes expressly authorizes the laying out and establishing of a free turnpike road “between any points” within the county. Broader language could not be used. The power of the commissioners, so far as the route of the road is concerned, is without restriction ; and, if we are right in our interpretation of the statute in respect to compensation, the argument of plaintiff in error, that in order to uphold the constitutional validity of the statute the pike can be established only upon and over the line of an existing highway, is without force. There can be no doubt of the power of county commissioners to lay out and establish a one-mile assessment pike over private lands. Certainly it was not in the mind of the legislature that a sort of statutory roadbed must be previously provided by the establishment of some other highway before a one mile-pike can be laid out.
Marriott & Hughes, for plaintiff in error.
Donaldson & Tussing, contra.
AVe think the plaintiff in error might have asserted a claim for compensation and damages to the road commissioners. Had that been done the county commissioners would have been required to appoint viewers to assess and determine the amount to be paid, and the same could have been paid from the county treasury.

Judgment affirmed.